

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DONNY MCGEE, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No. 04 C 6352 |
| CITY OF CHICAGO, et al. | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This civil rights action is before the Court on Plaintiff's Motion to Compel Discovery and Defendant City of Chicago's Motion to Structure Discovery and Bifurcate Trial. For the reasons that follow, Plaintiff's Motion to Compel Discovery [24-1] is granted in part and denied in part and Defendant City of Chicago's Motion to Structure Discovery and Bifurcate Trial [31-1] is granted in part and denied in part.

## BACKGROUND

Plaintiff brings this action against the City of Chicago and three of its police officers. Plaintiff alleges that the Defendant Officers "attempted to frame [him] for murder, despite the lack of any physical evidence and [his] absolute innocence." Cmplt. ¶ 2. Plaintiff further alleges that he was wrongfully incarcerated for three years before he was ultimately acquitted. Id. The Defendant Officers deny Plaintiff's allegations. Def. Officers' Answer ¶ 2. The City's Answer states that it lacks sufficient information or knowledge to form a belief as to the truth of these allegations. City's Answer ¶ 2.

Plaintiff brings claims of unlawful detention, denial of right to counsel, and deprivation of due process against the Defendants Officers. Plaintiff also brings a Monell claim against the City of Chicago for the deprivation of his constitutional rights. Plaintiff additionally brings state law claims for malicious prosecution and intentional infliction of emotional distress against the Defendant Officers.

## DISCUSSION

Plaintiff's motion seeks an order compelling the City to produce a number of Complaint Register files of police officers who served in the same police district as the Defendants Officers. The City responded by filing its Motion to Structure Discovery and Bifurcate Trial. The City's motion seeks an order "staying discovery on plaintiff's Monell policy claims against the City until such time as plaintiff can demonstrate through discovery that he is entitled to a trial and if, plaintiff makes that showing, to bifurcate the trial." City's Motion at 1.

Plaintiff opposes the City's motion. Plaintiff explains that he seeks discovery on the City's policies and practices not only to prove his claims under Monell but also to help prove the alleged constitutional violations by the Defendants Officers. For example, Plaintiff explains that he has requested production of complaints of similar misconduct against police officers who serve in the same district as the Defendant Officers in order to determine whether the Chicago Police Department as a matter of policy encourages the concealment/destruction of exculpatory evidence and the false prosecution of Chicago citizens. Plaintiff asserts that evidence of such a policy is relevant to the question of whether the Defendant Officers acted in conformity of such a policy. Plaintiff relies on two employment discrimination cases to support his argument. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804-05 (1973) (stating that "statistics as to [the employer's] policy and practice

2

may be helpful to a determination of whether [the complained of action] conformed to a general pattern of discrimination . . . ."); Gerlib v. R.R. Donnelley & Sons Co., 2002 WL 1182434, at *4 (N.D. Ill. June 3, 2002). The City's Reply does not adequately address Plaintiff's contention that the policy discovery he seeks is also relevant to his underlying constitutional claims against the Defendant Officers, but as explained below, the Court defers ruling on this issue at this time.

As an initial matter, "[p]arties may obtain discovery regarding any matter, not privilege, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). However, the broad discovery permitted by the Federal Rules is not without limits. This Court has the responsibility of managing "the discovery process to facilitate prompt and efficient resolution of the lawsuit." Crawford-El v. Britton, 523 U.S. 574, 599 (1998). To this end, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." Id. at 598; see also Patterson v. Avery Dennison Corp., 281 F.3d 676, 681 (7th Cir. 2002) (stating "[d]istrict courts have broad discretion in matters relating to discovery). Federal Rules of Civil Procedure 26(b), (c), and (d) provide the Court with discretion to control the sequence, scope, and timing of discovery. For example, this Court may consider whether the "burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b).

In Medina v. City of Chicago, 100 F.Supp.2d 893 (N.D. Ill. 2000), the City of Chicago filed a motion similar to its instant motion. The Medina plaintiff alleged that two Chicago police officers used excessive force to detain him and the City had a policy and practice of failing to properly train, supervise, and discipline officers assigned to investigate narcotics infractions. Discovery had just

3

begun. Defendants moved for a separate trial of the claim against the City and to stay discovery as to that claim until the claims against the individual officers had been determined. Judge Kennelly refused to bifurcate the trial at that time but was willing to revisit the issue of bifurcation later in the litigation when the consequences of bifurcation of the trial were likely to be easier to perceive. With respect to the issue of discovery, Judge Kennelly deferred discovery on the Monell claim until after the completion of fact discovery on the claims against the individual officers at which time the parties and the Court would be able to assess the prospects for settlement, the particular municipal policy at issue, and the scope of discovery that the Monell claim would entail.

Both sides have cited numerous cases from this district supporting their position regarding staying discovery and bifurcation of trial. The Court also notes that the Loevy firm is involved in numerous civil rights cases in this district and understands its frustration with often being delayed in its ability to conduct policy discovery in these cases. However, after carefully considering the practical realities of discovery and balancing the importance of the information against the burdens of production, this Court finds that Judge Kennelly's approach to the issues of discovery and bifurcation sensible.[1]

Accordingly, policy discovery, whether relevant to the Monell claim or the underlying constitutional claims against the Defendant Officers as well, is deferred until after completion of fact discovery regarding the underlying incident.[2] Fact discovery regarding the underlying incident shall

---

[1] For example, the Defendant Officers state that Plaintiff's request for the C.R. files for the district in which the incident underlying this lawsuit occurred dating back five years could lead to the review and production of 1,500-2,000 C.R. files. See Individual Defs' Brief in Support of Entry of Confidential Matter Protective Order at 5.

[2] There is one exception to this ruling. As in Medina, "[t]his does not preclude plaintiff from inquiring of the individual offices at their depositions as to subjects that might also be pertinent to the Monell claim." Medina, 100 F.Supp.2d at 898 n.3.

be completed by August 30, 2005.[3] At that time, the Court will assess the possibility of settlement. If the case does not settle at that point, the Court will determine how the remainder of the case will proceed. The Court is not deciding at this time whether Plaintiff would be entitled to policy discovery in order to support his constitutional claims against the Defendant Officers. It is also too early to determine whether to bifurcate the claims against the individual officers from the Monell claim for purposes of trial. After discovery is complete, the Court can more accurately assess the evidence that will be presented at trial and the questions of efficiency and prejudice. The Court can also consider at that time whether the Defendant Officers are willing to waive reliance on a qualified immunity defense and whether the City will concede liability under 745 ILCS 10/9-102.

A few additional issues regarding Plaintiff's Motion to Compel remain. Plaintiff's Motion to Compel also sought an order compelling the City to respond to Requests to Admit Nos. 11, 12, 13, 14, 15, 16, 16 [sic], 17, and 18 and to Interrogatory No. 13 as well as an order requiring that all notes taken by the City's investigators regarding Plaintiff's complaint against the Defendant Officers be preserved. Because the City failed to respond to Plaintiff's arguments regarding these matters, the Court assumes the City has no objection to the granting of the motion to compel with respect to these issues. The City shall immediately notify the investigator(s) in writing to preserve the notes created by its investigators regarding Plaintiff's complaint against the Defendant Officers. The City shall respond to the Requests to Admit and Interrogatory No. 13 within seven (7) business days of the date of this Order. Lastly, the Defendant Officers' Complaint Register files and personnel files (Plaintiff's Requests to Produce Nos. 6 and 7 addressed to the City) are relevant to Plaintiff's claims

---

[3] All fact discovery closes September 30, 2005.

and discoverable at this time. See Vodak v. City of Chicago, 2004 WL 1381043, at * 5 (N.D. Ill. May 10, 2004); Lepianka v. Village of Franklin Park, 2004 WL 626830, at *1-2 (N.D. Ill. March 26, 2004). The C.R. files and personnel files for the Defendant Officers shall be produced within two weeks of the date of this Order.

**ENTER:**

*Nan R. Nolan*
**Nan R. Nolan**
**United States Magistrate Judge**

**Dated: June 23, 2005**