# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 04 C 6352 | **DATE** | 1/9/2006 |
| **CASE TITLE** | McGee vs. City of Chicago, et al | | |

**DOCKET ENTRY TEXT**

For the reasons explained below, Defendants' Joint Motion for Entry of Protective Order for Confidential Matter [83-1] is granted in part and denied in part.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

This matter is before the Court on Defendants' Joint Motion for Entry of Protective Order for Confidential Matter [83-1]. Defendants' motion is granted in part and denied in part.

Defendants' motion states that they are raising the following three issues in accordance with Judge Manning's Order of August 9, 2005: (1) Defendants request that the Court review confidential discovery material prior to its production to Plaintiff's counsel; (2) Defendants argue that disclosure of Complaint Register files (CR files) violates Illinois law; and (3) Defendants seek a protective order provision prohibiting the use of confidential discovery material and CR files for purposes other than this case. Defs' Motion at 2.

Defendants' motion appears to flow from a significant misunderstanding of this Court's prior ruling. After reviewing the latest round of briefing regarding the protective order, it is now clear that Defendants are concerned with the possibility of Plaintiff's counsel using the confidential discovery material and the C.R. files for purposes other than this lawsuit. The prior briefing was not clear on this point. The Court understood the prior briefing to relate to whether good cause existed to place certain categories of discovery material under seal when included in court filings. The Court was concerned with protecting the public interest in overseeing these judicial proceedings. This Court's June 23, 2005 Memorandum Opinion and Order held that good cause existed for shielding certain categories of information produced during discovery (i.e. police officer personnel files, personal and family information of police officers, and personal financial information of police officers) from public disclosure in court proceedings and filings. The Court further held that good cause did not exist for prohibiting public dissemination of CR files and Employee Complaint Histories in court filings, with the exception of identifying information of complainants. There is a difference between good cause for sealing parts of the public court record and good cause for a nondissemination provision. Counsel were not as precise as they could have been in their prior briefing. Future requests for protective orders should be explicit.

04C6352 McGee vs. City of Chicago, et al

Page 1 of 2

## STATEMENT

With respect to a nondissemination provision, the Seventh Circuit has held: "Absent a protective order, parties to a law suit may disseminate materials obtained during discovery as they see fit." Jepson , Inc. v. Makita Elec. Works, Ltd., 30 F.3d 854, 858 (7th Cir. 1994). For the reasons stated in Defendants' pleadings, the Court finds good cause for a protective order provision prohibiting the parties from using or disclosing information deemed confidential under the protective order and CR files and Employee Complaint Histories for any purpose other than this litigation. This does not mean that the Court is unwilling to consider requests by parties and nonparties to modify the protective order to permit access to and use of these materials. In fact, Seventh Circuit precedent exists for allowing access to discovery materials from one case to aid in other litigation on similar issues. See Jepson, 30 F.3d at 860-61; American Telephone and Telegraph Co. v. Grady, 594 F.2d 594 (7th Cir. 1978). Here, Plaintiff's counsel has not explained specifically to whom he would like to disseminate the CR files and other materials and for what purpose(s). Does he intend to disseminate such information to attorneys involved in other litigation (e.g. attorneys in other civil actions involving allegations of police misconduct against Chicago police officers, attorneys contemplating civil actions involving allegations of police misconduct against Chicago police officers, or criminal defense attorneys involved in litigating the issue of police misconduct)? Plaintiff's counsel has not explained. It is also not clear whether Plaintiff's counsel intends to disseminate the materials to the media. Given the current record, the Court prefers to handle any such requests on a case-by-case basis.

In light of this clarification, the Court grants Defendants' request for a protective order provision prohibiting use of information deemed confidential under the protective order as well as C.R. files and Employee Complaint Histories for any purpose other than this litigation. The Court also orders that these categories of information shall be returned to the producing party within 60 days of the final termination of this action. The remainder of Defendants' motion is denied.