IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DONNY McGEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 04 C 6352 |
| v. | ) | |
| | ) | HON. BLANCHE M. MANNING |
| CITY OF CHICAGO, | ) | Judge Presiding |
| EDWARD FARLEY, | ) | |
| ROBERT LENIHAN and | ) | MAGISTRATE JUDGE NOLAN |
| ROBERT BARTIK, | ) | |
| | ) | |
| Defendants. | ) | |

## PROTECTIVE ORDER FOR CONFIDENTIAL MATTER

Pursuant to Fed.R.Civ.P. 26(c), and this Court's previous rulings, the parties to this action, by and through their respective counsel, have represented the following to the court, and the court finds:

A. The following words and terms are defined for purposes of this protective order:

1. "Parties" shall mean Plaintiff Donny McGee and Defendants City of Chicago, Edward Farley, Robert Lenihan, Robert Bartik, and any additional party that this Court may subsequently recognize as a signatory of this protective order, and their attorneys;

2. When used in this order, the word "document" or "documents" means all written, recorded or graphic matter whatsoever, produced by a party pursuant to discovery, including but not limited to, documents produced by any party or non-party in this action whether pursuant to Federal Rule of Civil Procedure 34, subpoena, or by agreement, deposition transcripts and exhibits and any portion of any court filings that quote from or summarize any of the foregoing.

3. "Confidential Matter" shall mean employment, disciplinary, financial or other information that is of a sensitive or non-public nature regarding plaintiff, defendants, non-party witnesses and non-party employees of the City of Chicago that may be subject to discovery

1

in this action. "Confidential Matter," for purposes of this Confidential Matter Protective Order, shall include, for "good cause" shown as determined by this Court, the following information:

 (i) All personnel files, disciplinary actions and histories, including all Chicago Police Department Employee Complaint Histories, all City of Chicago Police Department Complaint Register files, and all related information, pursuant to the *Illinois Personnel Records Review Act*, 820 ILCS 40/01 (West 2004) and Section 7 of the *Illinois Freedom of Information Act*, 5 ILCS 140/1, *et seq.* (West 2004);

 (ii) All non-party identifying information contained in City of Chicago Complaint Register Files, including, but not limited to, names, addresses and statements;

 (iii) All personal and family information of Peace Officers, including residential information;

 (iv) All personal financial information;

 (v) All polygraph-related files; and,

 (vi) Any other categories of documents or information as specifically determined by this Court for "good cause" shown.

The designation of material as "Confidential Matter" pursuant to this Confidential Matter Protective Order does not create any presumption for or against the Court continuing such treatment for specific materials upon further review of those materials by the Court. Furthermore, the Court, in its discretion, may impose a stricter "Attorney Eyes Only" protection for specific Confidential Matter, whereby any viewing of such documents shall be limited exclusively to the actual attorneys of record in this matter and no parties or other personnel involved in this litigation. The Court may also direct how specific redactions are to be made to documents, as it deems appropriate.

 B. This order governs all discovery related to the exchange or dissemination of information or the production of documents designated as Confidential Matter.

 C. The Signatories recognize that, unless otherwise determined by this Court, it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit Confidential Matters pertaining to parties, third parties, and non-parties to other parties, third parties and non-parties.

2

D. The Signatories shall not use or disclose the Confidential Matter released in this proceeding for any other purpose or in any other proceeding.

E. The Signatories shall return to the producing party within sixty (60) days of the final termination of this action all Confidential Matter produced during the course of this proceeding.

F. The Signatories agree to the following terms and conditions:

1. The Signatories agree to store all Confidential Matter while it is in their possession according to standards equivalent to the standards of privacy set forth for individually identifiable health information in 45 C.F.R. §§ 160 & 164 (2000).

2. The individual pages of each document designated as Confidential Matter shall bear the following designation, or equivalent:

**CONFIDENTIAL: DOCUMENT PRODUCED PURSUANT TO PROTECTIVE ORDER ENTERED IN 04 C 6352**

No document containing the "confidential" stamp or any identifying number shall be copied, by means of photocopying, scanning, electronic duplication, or other means, in whole or in part, without the "confidential" designation and the identifying number appearing on the copy.

3. Before disclosing Confidential Matter or any information containing or reflecting Confidential Matter, to any persons involved in the litigation, including but not limited to counsel, co-counsel, counsel's staff, or expert or consulting expert witnesses retained in connection with the litigation, counsel will be responsible for informing each such person that the Confidential Matter or documents and information containing or reflecting the Confidential Matter to be disclosed are confidential, to be held in confidence, are to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by a court order.

4. To the extent that a party believes it has a right to redact information, it may redact such information, provided that if a party redacts information from any Confidential Matter and the face of the document itself does not make clear and obvious the nature of the

information redacted, the party shall provide in writing a specific category of information redacted (for example, social security number).

   5. By this protective order, the discovering party does not waive its right to make application to the court, with reasonable notice to the responding party and other parties to the litigation, for a determination that any Confidential Matter produced by responding party does not contain sensitive and confidential information, or that in the circumstances the information should be released from the provisions of this protective order, with the burden on the party attempting to designate material as Confidential Matter. If disputes arise concerning the propriety of designating particular Documents as Confidential Matter, whether certain Documents or information should be released from the provisions of this protective order, or concerning any other matter relating to the application of this order, counsel shall attempt to resolve these disputes by agreement before asking the court to resolve these disputes pursuant to the applicable Federal Rules of Civil Procedure. The parties agree that the standard relevant to this determination is that of "good cause" under Rule 26(c).

   6. Nothing in this protective order shall be deemed a waiver of the right of any party to object to a request for discovery on the basis of relevance, materiality, privilege, over breadth, or any other recognized objection to discovery.

   7. This protective order may be modified by further written stipulation signed by counsel of record and approved by further order of this court upon application to the court with notice.

   8. No restricted or sealed document is to be filed with the Clerk of the Court unless leave of court to file the particular Document(s) is specifically obtained by the Court.

   9. This protective order for confidential matter shall be read in conjunction with the prior rulings of this Court on June 23, 2005, and January 9, 2006, as well as the Court's rulings related to polygraph-related materials as expressed in open Court on May 4, 2006, and each of

those rulings are hereby incorporated herein and made a part hereof for purposes of the application of this protective order for confidential matter.

*[signature: Nan R. Nolan]*

NAN R. NOLAN
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: June 23, 2006